ML:OG
F. #2018R01366

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

TERRENCE HOHENKIRK,

              Defendant.

- - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

18 CR 401 (WFK)

       Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and TERRENCE HOHENKIRK (the "defendant") agree to the following:

       1.    The defendant will plead guilty to Count One of the above-captioned indictment, charging a violation of 21 U.S.C. § 952(a). The count carries the following statutory penalties:

       a.    Maximum term of imprisonment: 40 years
(21 U.S.C. § 960(b)(2)(B)(ii)).

       b.    Minimum term of imprisonment: 5 years
(21 U.S.C. § 960(b)(2)(B)(ii)).

       c.    Minimum supervised release term: 4 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 3 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583(e); 21 U.S.C. § 960).

      d.      Maximum fine:  $5,000,000
             (21 U.S.C. § 960(b)(2)).

      e.      Restitution: N/A

      f.      $100 special assessment
             (18 U.S.C. § 3013).

      g.      Other penalties: removal, as set forth below in paragraph 6.

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 20, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---:|
| Base Offense Level (§ 2D1.1(c)(6)) | | 24 |
| Less: | Minimal Role Adjustment (§ 3B1.2(a)) | <u>-4</u> |
| Total: | | <u>20</u> |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be

warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 18 and a range of imprisonment of 27 - 33 months, assuming that the defendant falls within Criminal History Category I. However, because the statutory minimum penalty is 60 months, the effective range of imprisonment is 60 months. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before February 12, 2019, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 17. This level carries a range of imprisonment of 24 - 30 months, assuming that the defendant falls within Criminal History Category I. However, because the statutory minimum penalty is 60 months, the effective range of imprisonment is 60 months. The defendant agrees that he will not challenge the drug type and quantity set forth in the lab report.

3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 60 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that

is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.  The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.  The defendant waives any right to additional disclosure from the government in connection with the guilty plea.  The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.  The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.  The defendant understands that he may be subject to removal as set forth in paragraph 6 below.  Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

5. The Office agrees that:

   a. no further criminal charges will be brought against the defendant for importing cocaine or possessing cocaine with intent to distribute, on or about July 3, 2018, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will

        move to dismiss the remaining count of the Indictment with prejudice;

and, based upon information now known to the Office, it will

   b.  take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

   c.  make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

   6.  The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to importing heroin, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead

guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

7. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

8. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
       February 12, 2019

                                        RICHARD P. DONOGHUE
                                        United States Attorney
                                        Eastern District of New York

                            By:         _____
                                        Oren Gleich
                                        Assistant United States Attorney

                                        Approved by:

                                        _____
                                        Margaret Lee
                                        Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Terrence Hohenkirk
Defendant

Approved by:

_____
John Kaley
Counsel to Defendant

7