UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

TERRENCE HOHENKIRK,

                     Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CR-401 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 12, 2019, Terrence Hohenkirk ("Defendant") pled guilty to Count One of the Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to time served and a $100.00 special assessment.

## BACKGROUND

On August 3, 2018, the Government filed an Indictment charging Defendant with one count of Importation of Cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii). Indictment, ECF No. 9. On February 12, 2019, Defendant pled guilty to Count One of the Indictment pursuant to a plea agreement. *See* Plea Agreement, ECF No. 22.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in

open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on November 6, 1994 in Linden, Guyana, to the non-marital union of Terrence Hohenkirk and Beverly Elcock, now deceased. Presentence Investigation Report ("PSR") ¶ 25, ECF No. 23. His father, with whom Defendant reports he does not have a close relationship, resides in Linden and works as a gold miner. *Id.* Defendant has a close relationship with his one maternal half-sibling, who resides in Georgetown, Guyana, and does not have a close relationship with his three paternal half-siblings, all of whom reside in Linden. *Id.* ¶ 26. He was primarily raised by his paternal grandparents under lower-income economic circumstances in Guyana. *Id.* ¶ 27. Twice per month, Defendant and his cousins did not have

enough food. *Id.* Despite these financial hardships, Defendant reported having an "okay" childhood, devoid of any forms of abuse. *Id.* In 2012, Defendant graduated from high school in Guyana, and in 2017, obtained a certificate in accounting at the Computer World Institute in Georgetown. *Id.* ¶ 35. In Guyana, Defendant has held jobs as a laundry attendant for a hotel, a sales representative for a beverage company, and a customer service representative for a telemarketing company and call center. *Id.* ¶¶ 36-41.

In 2014, Defendant married Sabrina Brown, who he had met online. *Id.* ¶ 28. The two knew each other for two and a half years prior to their marriage in Guyana. Addendum to the PSR at 1, ECF No. 29. Ms. Brown resides in Manchester, United Kingdom, and works as a supervisor for a hotel. *Id.* They do not have any children together. PSR ¶ 28. Defendant has not been able to contact his wife since prior to his arrest for the instant offense and is uncertain if she is aware of his conviction. *Id.* Upon his release from custody, Defendant intends to reside with Ms. Brown in the United Kingdom. Addendum to the PSR at 1. Notably, Immigration and Customs Enforcement has lodged a detainer for his removal. *Id.* ¶ 29.

Defendant reports he does not have any history of serious medical concerns. *Id.* ¶ 32. He never used drugs or abused medications, and he drinks alcohol socially. *Id.* ¶ 34. Since his arrest for the instant offense, Defendant began experiencing abdominal pain approximately twice per week. *Id.* ¶ 32; Addendum to the PSR at 1. Following his arrest, Defendant advised he became depressed and, as a result, contemplated suicide on at least four separate occasions. PSR ¶ 33. Medical records and psychological treatments have been requested but not yet received from the Metropolitan Detention Center ("MDC") as of the date the PSR was filed. *Id.*

With respect to the underlying offense, on or about July 3, 2018, Defendant arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard a flight from

Georgetown, Guyana. *Id.* ¶ 2. Upon arrival, Defendant was selected for and consented to an x-ray examination by Customs and Border Protection, which revealed the presence of foreign objects inside his digestive tract. *Id.* After being transported to the JFK Medical Facility in Jamaica, Queens, he passed a total of 148 pellets containing 960 grams of cocaine. *Id.* Defendant was subsequently arrested. *Id.* While at the MDC, Defendant has incurred no disciplinary infractions. *Id.* ¶ 30.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Indictment charging him with Importation of Cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii). *See* Plea Agreement. By statute, Defendant faces a minimum term of imprisonment of five years, a maximum term of imprisonment of forty years, and a minimum term of supervised release of

four years. 21 U.S.C. § 960(b)(2)(B)(ii). However, upon careful review of the record, the Court finds Defendant has satisfied 18 U.S.C. §§ 3553(f)(1)-(5). Accordingly, the Court may impose a term of imprisonment pursuant to the Guidelines promulgated by the United States Sentencing Commission ("USSG") without regard to the applicable statutory minimums in this case, and it may not impose a term of supervised release exceeding five years. Defendant also faces a maximum fine of $5,000,000.00, *id.* §§ 3571(b) and 960(b)(2)(B)(ii); and a special assessment of $100.00, 18 U.S.C. § 3013. Defendant is statutorily ineligible for probation. *Id.* § 3561(c)(1).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

For a violation of 21 U.S.C. § 952(a), the applicable Guidelines, §§ 2D1.1(a)(5) and 2D1.1(c)(8), provide a base offense level of twenty-four. *See* USSG §§ 2D1.1(a)(5), 2D1.1(c)(8)). Upon careful review of the record, the Court finds Defendant has satisfed all five factors of USSG § 5C1.2, and he is therefore eligible for a two-level safety-valve reduction per USSG § 2D1.1(b)(18). The offense level is decreased by another four levels because Defendant was a minimal participant in the offense. *Id.* § 3B1.2(a).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. *Id.* § 3E1.1(a). Because the Government intends to make a motion it was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level. *Id.* § 3E1.1(b). All parties agree this calculation yields an offense level of 15. *See* PSR ¶ 15; Gov't

Sentencing Mem. at 2, ECF No. 28; Def. Sentencing Mem. at 2, ECF No. 27. However, under USSG § 5C1.2(b), the offense level may not be less than 17 where the statutorily required minimum sentence is at least five years, as is the case here. Accordingly, the Court expressly finds the total offense level is 17. Because Defendant has no prior convictions, the Court finds Defendant's criminal history category is I.

A total offense level of 17 and a criminal history category of I yields a Guidelines term of imprisonment range of 24 to 30 months. USSG Ch. 5, Part A. The Guidelines further recommend a term of supervised release of two to five years, *id.* § 5D1.2(a)(2) and a fine of between $10,000.00 and $5,000,000.00; *id.* §§ 5E1.2(c)(3) and (c)(4). The Guidelines also advise Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

Probation recommends a sentence of 24 months custody. *See* Revised U.S. Probation Department Sentence Recommendation at 1, ECF No. 35-1. The Government states it does not object to a below-Guidelines sentence. Gov't Sentencing Mem. at 3. Defense counsel requests a sentence of time served, noting, among other things, Defendant has been in prison since the date of his arrest. *See* Def. Mem. at 6-7; Order of Detention, ECF No. 6.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). The Court finds this factor is not relevant to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and

Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, see 18 U.S.C. § 3663.

## CONCLUSION

A sentence of time served, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2019
      Brooklyn, New York